*Bangs,* 106 Mass. 441 ; *National Park Bank* v. *Ninth National Bank,* 46 N. Y. 77 ; *Ellis* v. *Ohio Ins. Co.,* 4 Ohio St. 628.

———◇———

W. F. CROSS ET AL. *v.* M. LEVY ET AL.

PRACTICE. *Justice of the peace. Transfer of case. Estoppel.*

Parties to a suit pending before a justice of the peace who is interested in the result cannot, after they have obtained the substantial benefit of Code 1871, § 1340, by consenting to call in another justice who decides against them, object in the Circuit Court that he had no jurisdiction.

ERROR to the Circuit Court of Holmes County.

Hon. W. COTHRAN, Judge.

*H. S. Allen* and *E. F. Noel,* for the plaintiffs in error.

The transfer of the trial of this case from the justice who issued the summons to the other was proper under Code 1871, § 1340. The only object of the statute is to secure a disinterested judge. The waiver, by the agreement of the parties, cannot be repudiated. *McLeod* v. *Harper,* 43 Miss. 42. Had the objection been made in the justice's court, the defect could have been remedied.

*Hooker & Groce,* for the defendants in error.

No man can be judge in his own case.   *Place* v. *Butternuts Co.,* 28 Barb. 503 ; *Washington Ins. Co.* v. *Price,* 1 Hopkins Ch. 1 ; *Gregory* v. *Cleveland Railroad Co.,* 4 Ohio St. 675.   At common law the judgment is erroneous.   Freeman on Judgments, § 145.   By the Scotch law, the objection can be waived.   But, where there is a statutory inhibition, there can be no waiver.   Freeman on Judgments, § 146.   Our statute disqualifies the interested justice, and provides for a transfer of the case to another justice.   Code 1871, § 1340.   The statute is not complied with by transferring another justice to the case.

GEORGE, C. J., delivered the opinion of the court.

The defendants in error brought suit before W. F. Cross, mayor of the town of Lexington, against one Barger as survivor, and against the said W. F. Cross and another, as executors of one Sheppard, the decedent and Barger having been partners in the lifetime of the former.   The defendants pleaded a set-off in favor of Sheppard & Barger, and when the case came on for trial, Cross declined to sit, and it was agreed by all the parties that one Cochrane, another justice of the peace in that county, should be sent for, and asked to try the cause.   Cochrane came, and, with the full consent of all parties and their counsel, tried the case in the room where Cross holds his courts, and made entry of his judgment on Cross's docket. Cochrane rendered judgment against the plaintiffs in that court, and they appealed to the Circuit Court.   When the case was called for trial in the Circuit Court, M. Levy & Co., the plaintiffs, who had instituted the suit before Cross, and had consented that Cochrane should try the case instead of Cross, moved to have the suit dismissed, because of the trial before Cochrane, and the Circuit Court sustained their motion. From that judgment Cross and the other defendants sued out this writ of error.

It is now insisted, on behalf of M. Levy & Co., that the consent gave no jurisdiction to Cochrane to try the cause ; that the statute (Code 1871, § 1340) required a transfer of the case to the nearest justice of the peace, Cross being interested, and that this was the only mode in which the cause could be

tried. We do not regard this position as just. The object of the statute, in requiring the transfer, was to have the case tried by an impartial and disinterested justice of the peace. This object was as well attained by the justice of the peace trying the case at the place agreed on by the parties as in his own court. These parties were competent to make the agreement to substitute Cochrane in lieu of Cross. Having done so, and gone into the trial, they will not be heard now to say that an actual transfer should be made, as they have secured all the benefits of such transfer.    *Reversed and remanded.*